**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60857-CIV-ALTONAGA**

**YISNEY GOMES BANDERA**,

      Petitioner,

v.

**BROWARD TRANSITIONAL CENTER**,

      Respondent.

_____/

## ORDER

**THIS CAUSE** comes before the Court on *pro se* Petitioner, Yisney Gomes Bandera's Emergency Motion to Prevent Transfer or for Temporary Restraining Order [ECF No. 8], docketed April 2, 2026.  Petitioner requests an order enjoining Respondent from transferring him to another facility.  (*See generally* Emergency Mot.).  For the following reasons, the Emergency Motion is denied.

Federal law provides "no court shall have jurisdiction to review . . . any decision or action of the Attorney General . . . the authority for which is specified under this subchapter to be in the discretion of the Attorney General[.]"  8 U.S.C. § 1252(a)(2)(B)(ii) (alterations added).  Section 1231(g), within the same subchapter, provides "[t]he Attorney General shall arrange for appropriate places of detention for aliens detained pending removal or a decision on removal." *Id.* § 1231(g) (alteration added).

In short, the Court "lack[s] jurisdiction to enjoin [Respondent] from transferring [Petitioner] to another facility." *Flores-Reyes v. Assistant Field Off. Dir.*, 2026 WL 406708, at *4 (S.D. Fla. Feb. 13, 2026) (alterations added); *see also Boulos v. Dir., U.S. DHS ICE ERO Miami Field Off.*, No. 25-cv-23792, 2025 WL 4092609, at *2 (S.D. Fla. Dec. 11, 2025) (noting "[a]s other

courts in this district and across the country have found, 8 U.S.C. [section] 1252(a)(2)(B) and 8 U.S.C. [section] 1231(g)(1) strip the Court of jurisdiction 'to enjoin the government from transferring immigration detainees to other districts, as those decisions fall within the discretion of the Attorney General'" (alterations added; quoting *Guerra-Castro v. Parra*, No. 25-cv-22487, 2025 WL 1984300, at *2 (S.D. Fla. July 17, 2025))).

Moreover, Petitioner has not demonstrated how the Court's jurisdiction will be affected by his transfer. (*See generally* Mot.); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004) (recognizing "when the Government moves a habeas petitioner after she properly files a petition naming her immediate custodian, the District Court retains jurisdiction and may direct the writ to any respondent within its jurisdiction who has legal authority to effectuate the prisoner's release").

Accordingly, it is

**ORDERED AND ADJUDGED** that *pro se* Petitioner, Yisney Gomes Bandera's Emergency Motion[1] to Prevent Transfer or for Temporary Restraining Order **[ECF No. 8]** is **DENIED**.

**DONE AND ORDERED** in Miami, Florida, this 3rd day of April, 2026.

**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:    Petitioner, *pro se*
       counsel of record

---

[1] Petitioner improperly labels his request an emergency. Local Rule 7.1(d) of the United States District Court for the Southern District of Florida requires a party filing an emergency motion to certify that the motion "in fact presents a true emergency" and "requires an immediate ruling because the Court would not be able to provide meaningful relief . . . after the expiration of seven days." S.D. Fla. L.R. 7.1(d)(1) (alteration added). Petitioner did not so certify. (*See generally* Mot.).