**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 26-60857-CIV-ALTONAGA**

**YISNEY GOMES BANDERA**,

> Petitioner,

v.

**BROWARD TRANSITIONAL CENTER**,

> Respondent.

_____/

## ORDER

**THIS CAUSE** comes before the Court *sua sponte*.  On March 20, 2026, *pro se* Petitioner, Yisney Gomes Bandera filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. [Section] 2241 [ECF No. 1], challenging her continued post-removal detention at Broward Transitional Center in Pompano Beach, Florida, in the custody of Immigration and Customs Enforcement ("ICE").  (*See generally* Pet.).  On April 1, 2026, Respondent filed a Response [ECF No. 7], advising that ICE "issued Petitioner a notice" on March 16, 2026, "of its intent to remove her to Mexico" (Resp. 7).[1]  Independent review of public records reveals that Petitioner is no longer in ICE custody.[2]  *See Burnsed v. Peachtree Hous. Comtys. II, LLC*, No. 19-cv-02233, 2020 WL 13526669, at *3 n.26 (N.D. Ga. Jan. 28, 2020) (recognizing "a district court may take judicial notice of public records published by governmental agencies" (citations omitted)).

---

[1] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

[2] The ICE Online Detainee Locator System no longer shows that Petitioner is detained at Broward Transitional Center.  (Available at https://locator.ice.gov/odls/#/search (search A-Number: 203-796-301; Country of Birth: Cuba).

If Petitioner has been released or removed from the United States, her application for habeas relief is now likely moot. *See Thompson v. Whiddon*, No. 13-cv-150, 2015 WL 6445838, at \*3 (M.D. Fla. Oct. 23, 2015) (finding it could "no longer give Petitioner any meaningful relief" where it was "undisputed that Petitioner ha[d] left the United States" (alteration added; citation omitted)); *Vitkus v. Holder*, No. 13-cv-116, 2015 WL 4042014, at \*2 (M.D. Fla. July 1, 2015) (explaining "[a]n alien's release from extended detention by ICE, even under an order of supervision, generally renders moot a [section] 2241 petition challenging the legality of his prior detention" (alterations added)).

Accordingly, it is

**ORDERED** that Respondent has until **April 22, 2026**, to submit a memorandum of no more than **five (5) pages** stating whether Petitioner remains in ICE custody and, if not, whether her release renders this case moot.

**DONE AND ORDERED** in Miami, Florida, this 17th day of April, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     Petitioner, *pro se*
        counsel of record