UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 26-60857-CIV-ALTONAGA

YISNEY GOMES BANDERA,

     Petitioner,

v.

BROWARD TRANSITIONAL CENTER,

     Respondent.

_____/

## ORDER

**THIS CAUSE** came before the Court on Respondent, Broward Transitional Center's Motion to Dismiss Habeas Petition as Moot [ECF No. 11], filed on April 21, 2026.  For the following reasons, the Motion is granted.

On March 20, 2026,[1] *pro se* Petitioner, Yisney Gomes Bandera initiated this action, filing a Petition for Writ of Habeas Corpus [ECF No. 1] challenging her detention at Broward Transitional Center in Pompano Beach, Florida, in the custody of Immigration and Customs Enforcement ("ICE") and seeking release from confinement.  (*See generally id.*).  On April 1, 2026, Respondents filed a Response [ECF No. 7], advising that ICE "issued Petitioner a notice" on March 16, 2026, "of its intent to remove her to Mexico" (*Id.* 7).[2]  Consequently, on April 17,

---

[1] "Under the 'prison mailbox rule,' a *pro se* prisoner's court filing is deemed filed on the date it is delivered to prison authorities for mailing."  *Williams v. McNeil*, 557 F.3d 1287, 1290 n.2 (11th Cir. 2009) (citations omitted).  "Absent evidence to the contrary, [the Court assumes] that a prisoner delivered a filing to prison authorities on the date that he signed it."  *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014) (alteration added; citation omitted).

[2] The Court uses the pagination generated by the electronic CM/ECF database, which appears in the headers of all court filings.

2026, the Court entered an Order [ECF No. 10], requiring Respondent "to submit a memorandum . . . stating whether Petitioner remains in ICE custody and, if not, whether her release renders this case moot." (*Id.* 2 (alteration added)).

On April 21, 2026, Respondent filed the instant Motion, explaining that Petitioner was removed to Cuba on April 16, 2026. (*See* Mot. 1 (citing *id.*, Ex. 1, Decl. of Deportation Officer Author McLaughlin [ECF No. 11-1]; *id.*, Ex. 2, Detention History [ECF No. 11-2]). Respondent contends that the Court lacks subject matter jurisdiction because this action "no longer presents a live controversy that the Court could "remedy, even if [it] were disposed to do so." (Mot. 2 (alteration added; quoting *Soliman v. United States ex rel. INS*, 296 F.3d 1237, 1243 (11th Cir. 2002) (citation omitted)). The Court agrees.

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . . which is not to be expanded by judicial decree." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (alteration added; citations omitted). "Under Article III of the United States Constitution, the subject matter of federal courts extends only to 'cases or controversies.'" *Bowen v. First Fam. Fin. Servs., Inc.*, 233 F.3d 1331, 1339 (11th Cir. 2000) (quoting *Socialist Workers Party v. Leahy*, 145 F.3d 1240, 1244 (11th Cir. 1998)).

"As a general rule, a habeas petition presents a live case or controversy only when a petitioner is in custody." *Salmeron-Salmeron v. Spivey*, 926 F.3d 1283, 1289 (11th Cir. 2019) (citations omitted). To be sure, "a habeas petition filed by a subsequently deported alien who challenges not only his detention, but also a final order of removal, may survive a mootness challenge." *Id.* at 1290 (citing *Moore v. Ashcroft*, 251 F.3d 919, 922 (11th Cir. 2001); *Soliman*, 296 F.3d 1237, 1243 n.2).

Here, Petitioner exclusively challenges her detention. (*See generally* Pet.; *see also* Mot. 2–3). In Ground I, Petitioner claims her "[p]rolonged immigration detention after a final order of removal" violated the Constitution. (Pet. 6 (alteration added)). In Ground II, Petitioner asserts her "[c]ontinued detention without meaningful post-order custody review violates due process. (*Id.* (alteration added)). In Ground III, Petitioner alleges her "[c]ontinued detention without a demonstrated significant likelihood of removal in the reasonably foreseeable future is unconstitutional." (*Id.* (alteration added)). And in Ground IV, Petitioner states her "[c]ontinued detention without clear statutory authority beyond the removal period violates due process." (*Id.* 7 (alteration added)). Therefore, the exception that may allow a habeas petition to survive a mootness challenge is inapplicable because Petitioner does not challenge a final order of removal; she challenges only her detention pending removal. (*See id.* 6–7).

Petitioner is no longer in Respondent's custody, as she was removed to Cuba. (*See* Resp. 1). The relief Petitioner sought upon filing the Petition (*see* Pet. 7 (requesting that the Court "order [Petitioner's] immediate release from custody, or in the alternative, order [her] immediate release from custody under reasonable conditions of supervision." (alterations added)), is no longer available to her, *see, e.g.*, *Mehmood v. U.S. Att'y Gen.*, 808 F. App'x 911, 913 (11th Cir. 2020) ("[Petitioner's] petition for habeas corpus seeks relief from immigration detention" but the court "cannot provide [that relief] because [s]he is no longer detained by ICE" (alterations added; footnote call number omitted)). Thus, the Petition is moot. *See Westmoreland v. Nat'l Transp. Safety Bd.*, 833 F.2d 1461, 1462 (11th Cir. 1987) ("When effective relief cannot be granted because of later events, the [case] must be dismissed as moot." (alteration added; citation omitted)).

Accordingly, it is

CASE NO. 26-60857-CIV-ALTONAGA

**ORDERED AND ADJUDGED** that Respondent, Broward Transitional Center's Motion to Dismiss Habeas Petition as Moot **[ECF No. 11]** is **GRANTED**.  The Petition **[ECF No. 1]** is **DISMISSED** without prejudice, and the Clerk is directed to **CLOSE** the case.

**DONE AND ORDERED** in Miami, Florida, this 21st day of April, 2026.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record
        Petitioner, *pro se*

4